[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATED JULY 29, 1994
This is a revised ten-count complaint dated April 8, 1994 arising out of the alleged wrongful discharge of plaintiff from the employment of the defendant on or about October 9, 1989. On July 29, 1994 defendant moved to strike all ten counts on the grounds of legal insufficiency but the motion has been withdrawn as to the Fifth and Eighth counts. The present complaint is one of many revisions, a prior eighteen-count complaint having had been stricken in its entirety by this court, Miano, J., in a decision dated April 10, 1992. A revised complaint dated May 2, 1994 has been filed but it is understood that the present motion is to be considered applicable to that complaint as well.
The revised complaint now before the court consists of ten counts; the first count sounds in a breach of implied contract; the second in promissory estoppel; the third and sixth in intentional infliction of emotional distress; the fourth and seventh in negligent infliction of emotional distress; and the fifth and eighth in defamation. Counts nine and ten are derivative claims, sounding in loss of consortium and incorporating entirely the claims made in the previous eight counts of the complaint.
Defendant's motion to strike eight counts of the revised complaint is based on the following grounds: the first count is legally insufficient since the plaintiff fails to allege facts supporting the existence of an implied contract; the second count fails to allege facts supporting a claim that the defendant's actions were intended to induce forbearance on behalf of the plaintiff and that the count lacks the detrimental reliance needed for promissory estoppel; the third and sixth counts fail to describe conduct which was intentional and extreme or outrageous so as to support a claim for intentional infliction of emotional distress; and the ninth and tenth counts are legally insufficient since they cannot stand alone as a basis for relief. Additionally, the defendant moves to strike the complaint on the ground that each of the ten counts of the latest revised complaint is essentially "the same in substance as one of the counts of the First Revised complaint which was stricken by Judge Miano." CT Page 12559
Count One — Breach of Implied Contract
The first count of the complaint is based on defendant's statements to the plaintiff reassuring her of a position with the company.
The sixth paragraph of the first count, which claims a breach of an implied contract, contains additional language not found in the complaint which Judge Miano struck on April 10, 1992, namely that "During January 1989, Paul Melvin further informed plaintiff that she would be terminated only if she attempted to be promoted to Mr. Melvin's position as manager." In his April 10, 1992 decision, Judge Miano stated that:
 A contract implied in fact, like an express contract, depends on an actual agreement. Accordingly, to prevail on these claims which alleged the existence of an implied agreement between the parties, the plaintiff has the burden of proving by a fair preponderance of the evidence that the defendant had agreed either by words or action or conduct, to undertake (some) form of actual contract commitment to her under which she could not be terminated without just cause.
Emanuele v. Boccaccio Susanin, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 379367, (April 10, 1992, Miano, J.), citingCoelho v. Posi-Seal International, Inc., 208 Conn. 106,111, 544 A.2d 170 (1988).
The statements alleged to have been made by the defendant relating to the plaintiff's future employment, even when taken in the light most favorable to the plaintiff, fail to establish that the parties undertook some form of actual commitment whereby the defendant could have only discharged the plaintiff for just cause. SeeCoelho v. Posi-Seal International, Inc., supra, 208 Conn. 112. Motion to strike the first count of the revised complaint is granted.
Count Two — Promissory Estoppel
CT Page 12560
In the second count of the revised complaint, the plaintiff claims promissory estoppel and alleges that the representations and statements made by the defendant company constitute promises on which the plaintiff relied to her detriment.
Judge Miano's earlier decision in this matter states that "[a] fundamental element of promissory estoppel is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance."Emanuele supra, citing D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 213, (1987).
The additional sentence now inserted in the latest revised complaint alleges that the plaintiff would only be discharged from her job if she attempted to secure the position of manager, which was already held by another party. The new language does not rescue this count. We refer to Judge Miano's decision in which he stated:
 The representations of the defendant, as alleged, do not invoke a cause of action for promissory estoppel because they are neither sufficiently promissory nor sufficiently definite to support contractual liability. These representations manifested no present intention on the part of the defendants to undertake immediate contractual obligations to the plaintiff. Furthermore, none of these representations contained any of the material terms that would be essential to an employment contract, such as terms regarding the duration and conditions of the plaintiff's employment, and her salary and fringe benefits. At most, the defendants made representations to the plaintiff concerning the expectation of a future contract, but they stopped short of making the plaintiff a definite promise of employment on which she could reasonably have relied. CT Page 12561
Against this background, the second count fails to allege the existence of a sufficient promise on which the plaintiff could reasonably rely and it is stricken.
 Counts Three and Six — Intentional Infliction of Emotional Distress
In the third and sixth counts, plaintiff alleges intentional infliction of emotional distress and claims that the defendant made false accusations regarding the plaintiff's work performance and used coercion, threats and intimidation to force her to sign a document against her will, all for the purpose of depriving her of benefits and compensation.
Our Supreme Court has stated that a plaintiff must allege four elements in an action for intentional infliction of emotional distress:
 (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's emotional distress; and (4) that the emotional distress sustained by the plaintiff was severe.
DeLaurentis v. New Haven, 220 Conn. 225, 266-67,597 A.2d 807 (1992); Petyan v. Ellis, 200 Conn. 243, 510 A.2d 1337
(1986). Plaintiff has failed to allege the extreme and outrageous conduct required to maintain a claim for intentional infliction of emotional distress, and defendant's to strike the third and sixth counts is granted.
 Counts Four and Seven — Negligent Infliction of Emotional Distress
The fourth and seventh counts of the plaintiff's revised complaint sound in unintentional, or negligent, infliction of emotional distress, allegedly caused by the defendant's conduct toward the plaintiff.
A plaintiff may recover for unintentional infliction CT Page 12562 of emotional distress even if the distress does not result in subsequent bodily injury and the plaintiff was not at risk of harm from physical impact. Kilduff v. Adams, Inc.,219 Conn. 314, 325, 593 A.2d 478 (1991), citing Montinieriv. Southern New England Telephone Co., 175 Conn. 337, 345, Additionally, a plaintiff has the burden of pleading and proving that the defendant knew, or should have known, that its conduct involved an unreasonable risk of causing emotional distress. Morris v. Hartford Courant Co.,200 Conn. 676, 683 (1986).
In that case the court stated that "there is nothing . . . to preclude an action for unintentional infliction of emotional distress based upon unreasonable conduct of the defendant (employer) in the termination process." Id., 681-82. Nonetheless, where a plaintiff was terminated for legitimate business reasons, it has been held that a defendant cannot be liable for the normal distress and hurt feelings that result whenever anyone is discharged from employment. Leniart v. C S Distributors, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 51 63 54, (January 21, 1994, Corradino, J.).
In the present case plaintiff has not alleged sufficient facts to establish that the defendant created an unreasonable risk of causing harm or that the defendant should have known that its conduct would result in harm to the plaintiff and we conclude plaintiff's allegations surrounding the termination of her employment are insufficient to establish the conduct necessary to maintain a cause of action for unintentional infliction of emotional distress. Accordingly, the defendant's motion to strike the fourth and seventh counts of the revised complaint is granted.
Counts Nine and Ten — Loss of Consortium
The ninth and tenth counts of the plaintiff's revised complaint sound in loss of consortium and defendant claims they should be stricken because they derive from counts which have been stricken. The ninth count claims loss of consortium as a result of the conduct alleged in counts one through five, and the tenth count claims injuries as a result of the defendant's conduct set forth in counts six CT Page 12563 through eight of the plaintiff's latest revised complaint.
Since defendant has withdrawn his motion to strike counts five and eight sounding in defamation, the court has no valid claim before it for striking these derivative counts.
A motion to strike raising claims of legal insufficiency must separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons of each such claimed insufficiency. Practice Book § 154.
The court has not been provided adequate legal grounds for striking counts nine and ten.
Defendant's motion to strike the first, second, third, fourth, sixth, and seventh counts is granted. Defendant's motion to strike ninth and tenth counts is denied.
Wagner, J.